I am Peter Henderson. I represent George Sotelo in this case. This is a case that should be decided on the merits, and I want to explain why. Unlike many Johnson cases that we see come before this court, this is Mr. Sotelo's first section 2255 petition. So long as it is timely, he is entitled to relief if he shows on the merits that under the mandatory guidelines he was erroneously deemed a career offender. That's what Narvaez holds. The court recently decided what it means for a petition to be timely under Johnson in the Cross v. United States case. And what the court said was that all we need is that the right asserted is based on Johnson v. United States. That's not a merits determination, it's an assertion. And in this case, Mr. Sotelo had no opportunity to challenge his career offender designation before Johnson v. United States, which is exactly the scenario that the court had in mind in Stanley when it thought, if you can show a connection between your failure to claim and the residual clause that was invalidated by Johnson, that is a Johnson claim. So in this case, had Mr. Sotelo challenged his conviction as not being a crime of violence under the Elements Clause or the Enumerated Offenses Clause, the only effect of that challenge would have been to move it to the residual clause. As we've conceded, Section 876B and C, or B in particular, is attempted extortion. And what the sentencing guidelines tell us is that extortion is an enumerated crime of violence, and attempts to commit crimes of violence fall under the residual clause. Is there any evidence in the record that Sotelo's original sentence depended even in part on the residual clause of 4b.1.2? Yes, but we don't need to show that necessarily. But what the sentencing court did was it said, this qualifies because it has as an element the use of force, which was correct under the law at that time, and, or the threatened use of force, rather, and that this is extortion like the application notes say. And of course, both parties agree what the court likely meant was attempted extortion. This is not completed extortion. But the application notes are interpreting the residual clause. That's the essential reasoning behind United States v. Raw, as this court characterized it in United States v. Rawlins. Rawlins, there's some debate about whether that reasoning persists, because Rawlins was abrogated by Beckles v. United States, of course. But the reasoning in Rawlins is sound, because as the court decided in Cross, the mandatory career offender guidelines are subject to vagueness challenges. The same rule that the court decided in Rawlins applies here. But why would there be a vagueness problem with treating attempted extortion the same as extortion, when extortion is one of the enumerated offenses in 4b.1.2. And the application notes clearly state that crime of violence includes attempted crimes. Because the right that Mr. Sotelo is relying on, the right not to be sentenced under an unconstitutionally vague residual clause, comes from Johnson, where they address that vagueness concern. And Justice Ginsburg later in Beckles would say, you know, why can't we go case by case? Why can't we say, well, in this case it's clear that extortion is enumerated, attempts are in the application notes, it's clear there's no vagueness concern. The majority in Johnson rejected that approach to vagueness. The majority said, yes, there are going to be easy cases where it's clear that your conduct falls within the statute. But when the residual clause is facially unconstitutionally vague, that means it cannot apply in any circumstances, even if reasonable people could say, well, look, he was on notice, right? That's what we're worrying about. The Johnson rule that Mr. Sotelo has invoked here says the residual clause in its entirety is unconstitutionally vague. And that's what the court agreed with in Rollins. Rollins was charged with, or had a prior conviction for possessing a sawed-off shotgun, which was specifically enumerated in the application notes. That was the same fact pattern as Beckles, in fact. And this court still said, no, if you're being sentenced under the residual clause, it doesn't matter how clear the application notes make it, because the application notes are not the guidelines. The commission doesn't go through the same process to enact application notes as they do for guidelines. The application notes are interpretations of, not additions to the guidelines. Well, I had a quote from the – I'm sorry. Judge Romer, you had something else? Go ahead. Well, it's – I'm going in a different direction. Well, let me – let me get back to this, and then I'll – I'm quoting from that case. Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony. Right. And so attempted extortion is not extortion. We cited a Ninth Circuit case that held that in the armchair criminal context. Ninth Circuit case? Ninth Circuit. Agreed. Let me give you a Supreme Court case. In James v. United States, the Supreme Court said attempted burglary is not burglary. It's a residual clause offense. And that's essentially what Ropp said. Ropp says the text of the guideline doesn't tell us one way, you know, whether this counts or not. And so we look to the residual clause, and we interpret the residual clause. And in Ropp, of course, the court said the commission can go its own way. And in Rollins, the rationale of the court was, but it can't add to the statute. And adding an attempt is different than the base crime of extortion. Judge Romer? Would you be kind enough to discuss United States v. Peppers? I would like to discuss United States v. Peppers. What United States v. Peppers talks about, and it's in the context of a second or successive 2255 motion, you have to meet additional requirements for successive motions. But what the Third Circuit said actually comports with our argument here. What it said was that Section 2255 only requires that a petitioner show his sentence may be unconstitutional in light of the new rule. In other words, we don't have to show that this was the only reason why only the residual clause justified this at the time of sentencing. The Third Circuit says just that it may have been unconstitutional. And that comports with this court's recent decision in Van Cannon v. United States. Van Cannon was under the Armed Career Criminal Act, but he had six convictions when you only need three. Two were invalidated by Johnson, and two were invalidated by Mathis. But still, he was allowed to go forward, even though there's a reasonable argument to say none of his convictions were affected by Johnson, or his designation wasn't, because he had four outside of Johnson. The fact that the sentence may have relied on constitutionally invalid designations means that he is entitled to a merits determination under 2255. And it's very similar to what happened in Narvaez. Once we meet the timeliness bar, which this court has said is low under Johnson in the Cross case, the decision is on the merits, just like Narvaez. It no longer matters exactly what happened at sentencing. What matters is on the merits, on a first 2255, is the petitioner serving an illegal sentence? So that's why this case should be decided on the merits. This doesn't involve the sorts of procedural snarls that a lot of other Johnson cases involve, because they were second or successive 2255 motions. Let me turn briefly to the merits now. The statute is indivisible. We went into this in a great deal in our brief. But when a court is considering whether a statute is divisible or not under Mathis, we look to a number of things. Prior prosecutions, jury instructions, whether the penalties are the same or different. And each of those factors in this case shows that Section 876B and C have always been interpreted to be indivisible statutes. It's about the mailing of a threatening communication, and in the case of Subsection B, with the intent to extort. That's one crime. There aren't two crimes there. And indeed, the United States itself has filed indictments with that theory, that this is one crime, that somebody can issue a threat to injure or to kidnap, and that would constitute one unit of prosecution. Because it's indivisible, it has to be a crime of violence in all of its applications, and it's not. We know from our previous arguments that federal kidnapping is not categorically a crime of violence. So a threat to kidnap is even further removed. I think the best example to think of in terms of legal terms, and again, the categorical approach is concerned with elements. If the elements don't line up, that's the end of the story. But real-life examples you might think of, like the Landon case we cited, where if a person threatens to kidnap their own child, that's not a threat involving force. It's certainly a threat to kidnap if that person does not have parental rights anymore of the child. But it does not have as an element the threatened use of force. I guess finally, before I save some time for rebuttal, I'd like to talk about the men's rape. You don't think that it's realistic to think of extortion via a threat to kidnap. You don't think that carries with it the threat that force would be used? Well, it certainly doesn't as an element, because you don't have to prove that element. The government's saying, well, look, in all cases, that's going to be present. That's not an element. But I don't think so, because as the example I gave, if there's a very contentious divorce and the parent loses parental rights and says, you got the car, if you don't give me back that car, I'm going to kidnap the child. I don't think that involves a threat of force to the child. There's no indication that they want to harm the child, but they want to extort something using a threat of kidnapping. So that's perfectly consistent with Section 876B, but it doesn't involve as an element the threatened use of force. Well, we could argue about that for eternity. Well, that's why today's Johnson Day. We've been arguing about this for quite a while. But again, what the court in Mathis said was, at the risk of being boring or downright tedium, the categorical approach is about elements. The government has to identify where in this statute it says, as an element, you have to prove the threatened use of force. The statute does not say the threatened use of force. The statute says a threat to kidnap, and kidnapping can be accomplished in ways that do not involve force, as this court has already held. So I will reserve the remaining minutes if there are no questions at this time. Thank you, Mr. Henderson. Mr. Whalen. Thank you, Your Honor. May it please the court. Nathaniel Whalen here on behalf of the United States of America. Your Honors, the first point I want to make is all of that stuff you just discussed with Mr. Henderson, Mr. Sotelo has to prevail on every single one of those points to be entitled to relief. So he has to show that it's timely, and he has to convince this court to be the first in the country to say, when a district court says at the time of sentencing this qualifies under the Elements Clause and is an enumerated offense, he's still entitled to Johnson relief. So if he can jump over that hurdle, he then faces a second hurdle, which is this court has already decided that this offense, a violation of 18 U.S.C. 876, qualifies under the Elements Clause. And that's consistent with every other court in the country. This court decided that in Sullivan. It reiterated it in Sux-Toldy, and I apologize if I'm butchering that name. And every other court to consider the issues decided that. So he has to convince this court to overturn precedent and create a circuit split. If he can then jump— The fact that Sotelo was sentenced under the Elements Clause of 4B12, is that sufficient to bar his claim when he's now arguing that Section 876 does not, in fact, have as an element the attempted use or threatened use of physical force? Yes, it is sufficient, Your Honor, and this court said that in Stanley. This court talked about it as being untimely when a district court at the time of sentencing says this qualifies under the Elements Clause. This court's kind of expanded upon that a little in Van Cannon, and it said really instead of a timeliness issue, the question is whether there was a Johnson error. In other words, whether the sentence at all relied on the Residual Clause. And in Van Cannon, the government conceded there was a Johnson error in that case because there was a burglary that only qualified under the Residual Clause. There's no offense here that qualifies under the Residual Clause. In Cross, which Mr. Sotelo relies heavily upon, the district court did not say at the time of sentencing, this is an Elements Clause offense. And let me get back to your question, Judge Rovner. There is no evidence in the record here that the district court relied on the Residual Clause. The exact statement from the court's sentencing pronouncement is on page 7 of our brief, and it says the guidelines define a crime of violence as a felony that has as an element the threat and use of physical force against the person of another, and that is true of all the offenses for which Mr. Sotelo is being sentenced. Each of them have the threatening use of physical force against a person as an element. So it's saying this qualifies under the Elements Clause. It then says the application note section 4B1.2 provides that extortion is a crime of violence. It didn't say attempted extortion. It said extortion, which is both an enumerated offense and then reiterated again in the application note. The district court wasn't relying on the Residual Clause in 1995. So understandably, it's untimely, or alternatively, I guess if this court wants to conceptualize it the way it's said in Van Cannon, there's no Johnson error, because no matter what Johnson does to Residual Clause, it does nothing to Mr. Sotelo's sentence. So in other words, what you're saying is if we look at the original sentencing, it will be clear to us that Sotelo was being sentenced only under the elements and enumerated offense clauses of 4B1.2. That's correct. That's your bottom line argument. That's correct as to the first hurdle that Mr. Sotelo has to jump over. Now let's say he can get over that hurdle. The second hurdle he has to do is convince this court to overturn its precedence. In Sullivan, this court said that this offense qualifies as a crime of violence under the elements clause. Let me make sure I get all the circuits right. Third, fifth, eighth, and ninth have all reiterated that. Every court to consider the issue says this qualifies under the elements clause because it has a crime of violence. And Mr. Sotelo argues that it would have been pointless to raise an appeal in 1995 challenging whether this falls under the elements clause. Well, this court didn't decide Sullivan until 1996. The issue wasn't set in stone that this was an elements clause offense. He could have been the person to challenge that in 1995. He didn't, and now 23 years later, he wants this court to review the sentence imposed explicitly under the elements clause in the enumerated offense in 1995. This court should reject the request to be the first court to do that. In terms of the actual elements... How can you explain the fact that kidnapping itself can be accomplished without the use of physical force, but a threat to kidnap necessarily contains the threat and use of physical force against another? I mean, for instance, can you think of another crime where the underlying crime would not be a crime of violence, but the threat to commit it would categorically qualify as a crime of violence? I can't come up with one on the top of my head, Your Honor. What I can say is part of the kidnapping statute this court relied on Jenkins was the embegglement was one of the key phrases this court focused on. I don't know how you threaten to embeggle someone in a writing. I guess you say, if you don't give me a million dollars, I'm going to trick you into this room on January 5th, 2018, and then kidnap you that way. I just don't think there's the realistic probability of that. But I think another thing that separates the threat from the substantive defense, and that's what this court talked about a little bit in Curitin, is if you look at the elements of what the government had to prove in this case, the government had to prove it was a true threat. And as the court told the jury in 1995, I think it was actually 1994, that means a serious statement expressing an intention to inflict bodily injury or death upon someone. So that's how we get past the First Amendment threshold with these statutes. And that's an element right there that involves the threatening use of force. And that's what differentiates a threat to kidnap and to kidnap. But we're also not just dealing with a threat to kidnap here. We're dealing with someone acting with an intent to extort. And again, when we're talking about extortion, we're talking about, as the court instructed the jury, wrongfully inducing someone else to pay money or something else of value by threatening an injury if such payment is not made. In fact, I would argue two different elements under this offense that involve the threatened use of force capable of causing bodily injury. I think this court got it right in Sullivan, and I think every other court to consider it has gotten it right too. I do think the statute's divisible. I don't think this court has to reach that issue because indivisibly it does qualify as a crime of violence. But if this court does reach the divisibility issue, again, we have unanimity across the federal courts. The Third Circuit and the two district courts considered this issue after Mathis have both found that this is a divisible statute. And it's not enough to say that a threat is a threat is a threat when it comes to this statute, and all threats are treated alike. The statute itself shows that. Subsection A of 876 says a ransom note, which is a threat, and that's punished differently than subsection B, which is a threat to kidnap and threat to injure, which is injure a person, which is punished differently than subsection D, which talks about a threat to injure property. So Congress is telling this court a threat isn't a threat. They're not all the same. You have to look at what the threat is. And the reason that there aren't going to be many cases out there where the courts are going to delineate between the two, as I'm sure your honors are well aware of, is courts didn't necessarily think about these different things as elements in a statute before Mathis because there really wasn't much of a reason to. The language isn't as necessarily precise as it would always be. This court does call it a threat statute, and the name of the statute is threatening communications. So that makes sense. But again, Mr. Sotelo is trying to convince this court to create a circuit split and find it's indivisible. This court should reject that approach. Let me just briefly touch on the guidelines, your honors. Mr. Sotelo's position is that everything under the application notes defining a crime of violence has to come under the residual clause. What Rollins talked about is Rollins talked about where's the hook in the actual sentencing guideline itself. And Rollins looked at what in 1994 was application note 2. They've now been smushed together. But application note 2 defines different crimes of violence. It talks about arson. It talks about robbery. And what this court in Rollins said is the only place that can possibly fall in the guideline itself is under the residual clause. Here we're talking about application note 1, a completely different application note. It says the terms crime of violence and controlled substance offense include the offense of aiding and abetting, conspiring, and attempting to commit such offenses. If Mr. Sotelo is right and this application note has to qualify under the residual clause, then aiding and abetting a controlled substance offense is a residual clause offense, which is not a good reading of the statute. Attempting to commit a controlled substance offense is a residual clause offense. That doesn't make sense. What makes more sense is what the Tenth Circuit said in Martinez, which is when it talks about these inchoate offenses, it's interpreting the explicitly enumerated sections, the explicitly enumerated crimes, burglary of a dwelling, arson, extortion, rather than rewriting conspiracy to commit arson, conspiracy to commit extortion, attempting to commit arson, attempting to commit extortion. The sentencing commission said, listen, these enumerated offenses, they all include their inchoates as well. And that was the problem with James and burglary and the Ninth Circuit case that Mr. Sotelo talked about, extortion. The Armed Career Criminal Act doesn't have this interpretation. It doesn't have this interpretation of the guidelines, which is entitled to deference. So, Your Honors, unless this Court has any questions, we suggest that this Court affirm the sentence, not create a circuit split, not go way out on a limb by itself, not overrule its precedent, and affirm Mr. Sotelo's sentence. Thank you. To a point my friend made at the end there, he said that aiding and abetting a controlled substance offense could not qualify. That's exactly what the D.C. Circuit just found several months ago. The application notes don't have independent force. That's what this Court found in Rollins. They can only interpret the guidelines. And the actual guideline does not include attempted extortion as an enumerated offense. It may very well substantially present a substantial risk of physical injury. But that's the Court's interpretation. In the record on our appendix, page 46, the sentencing judge noted that this qualified under the Elements Clause and the application note to section 4B1.2. At the application notes are interpretations of that provision. Now, the sentencing court called it extortion. The application note talks about extortion. But both parties agree here that this sentence, if it's based on the residual clause or if it's based on extortion, is based on attempted extortion. And that's what the application note says. Again, what Van Cannon held was that if this sentence may have relied on an unconstitutional residual clause, then Johnson relief is appropriate. One more clarification. The government suggests that Mr. Sotelo could have appealed before Sullivan. In fact, in 1991, the Court decided a case called Pop on Bonk, which suggests that this was always an Elements Clause offense, before the introduction of the modified categorical approach, Shepard, DeCamp, Mathis, et cetera. So because we are now here on a timely first 2255 petition, like Narvaez, the Court can decide on the merits without resort to these procedural hurdles whether this offense qualifies or not. And if it doesn't, as we suggest, the Court should reverse and remand for resentencing. Thank you. Thank you, counsel. Thanks to both counsel and the cases taken under advisement.